## BURGET *v.* BRADBURN.

CONTRACT.—A, by a written contract, sold to B a certain tract of land, B agreeing to give to A all above $500 for which the land could be sold before a day fixed, giving one reasonable payment to the purchaser. Suit by A alleging that B had sold the land within the time for $600. Answer, that at the request of A, the land had been sold to C, and the note of C taken for a portion of the price, and two notes on other persons for the residue; that to induce B to make the sale upon these terms, which he would not otherwise have done, A had guaranteed the payment of the notes at maturity, and had agreed, in case they were not paid, to release his claim to any part of the price; that the notes were not paid, and B was afterwards compelled to take the land again.

*Held*, that the answer was a good bar to the suit.

APPEAL from the *Clinton* Common Pleas.

RAY, J.—The action in this case was brought by *Bradburn* against *Burget*, and the complaint is founded upon a written agreement executed mutually between *Burget* and one *Jones*, dated *March* 11th, 1857. The substance of the writing is, that *Jones* did, on that day, sell to *Burget* a certain sixty acres of land, for which *Burget* had that day received from *Jones* and one *Holley* a title bond, *Burget* agreeing "to let *Jones* have all over $500 that the land would fetch" between that and *January* 1st, 1858, with one reasonable payment bearing interest, and agreeing further, that he would take $500 for the land at any time before *January* 1st, 1858, and deed the same to *Jones* at his, *Jones'*, election. The complaint alleges that *Burget* sold the land within the time for $600, and refuses to pay to *Bradburn*, who had become the assignee of *Jones'* interest in the contract, the $100 overplus. An amended answer was filed, of three paragraphs:

1. The general denial.

2. Want of consideration.

3. That after the execution of the written contract, and

before the assignment thereof, the said *Jones* requested and urged defendant to sell the land to *Bradburn,* the plaintiff, and in consideration thereof to take from said *Bradburn* two promissory notes, one on one *Huser* and the other on one *Rails,* both to be due before *January* 1st, 1858, and in consideration of the further sum of $300, for which *Jones* requested that *Burget,* the defendant, should take *Bradburn's* notes, to be due *December* 25th, 1858, and *December* 25th, 1859; that defendant declined; that thereupon *Jones* agreed to guarantee and procure the payment of the *Huser* and *Rails* notes before *January* 1st, 1858, and the notes of *Bradburn* when due, and that in case the notes were not paid when due that he, *Jones,* would, and then did agree to waive any interest whatever in the said written contract; that defendant accepted the proposal and agreed on such terms with *Jones,* and thereupon sold the land to *Bradburn* on the terms proposed, and put *Bradburn* in possession of the land, but without conveyance; that the notes were not paid, nor did *Jones* make good his guarantee; but, after holding the land two years without payment, *Bradburn* surrendered the same to defendant, who, long afterwards, sold the same to another purchaser.

A demurrer to the third paragraph of the answer, on the ground of want of sufficient facts, was sustained.

By the complaint, and this paragraph of the answer, it clearly appears that the defendant was not required by his contract with *Jones,* to sell the land to *Bradburn* on the terms offered, as the payments were not such as were stipulated for in the agreement. When, therefore, *Jones* proposed to make his right to claim any part of the profit upon this sale to depend upon the prompt fulfillment of his contract by the purchaser, and thereupon the defendant, as the paragraph avers, accepted the proposal, the subsequent failure of the purchaser to make the payments as they became due was a full answer to the complaint; and the more apparent is the sufficiency of the answer when, as in this case, the failure results in an abandonment of the sale un-

der which the claim for damages is made. The demurrer to this paragraph should have been overruled.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*R. P. Davidson* and *L. McClurg*, for appellant.

*H. Y. Morrison* and *I. N. Sims*, for appel¹⁻⁻